IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MORENA ROCO, ERICZON MACARAYAN, FRANCISCO ABSIN, LEONOR ACSINA, and ROGELIO RINGOR, EACH INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>vs.<br><br>STAR ONE STAFFING INTERNATIONAL, INC., STAR ONE STAFFING , INC.,  MARY JANE HAGUE, JOHN C. CARRUTHERS, and RUTH CARRUTHERS.<br><br>    Defendants. | CASE NO. 4:10-CV-30 |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 USC § 1962(c) AND 18 USC § 1962(d)**

Defendants, Star One Staffing International, Inc., Star One Staffing, Inc., Mary Jane Hague, John C. Carruthers, and Ruth Carruthers, (hereinafter referred to as "Defendants"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.2, respectfully request this Court to enter an Order dismissing, with prejudice, Plaintiffs' Claims Under the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1962(c) and 18 USC § 1962(d), for the reasons set forth herein.

**RELEVANT FACTS**

On January 19, 2010, Plaintiffs filed their Complaint containing multiple claims against the Defendants. Two of Plaintiffs' claims are pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC § 1962(c) and 18 USC § 1962(d). See Complaint, ¶¶ 71-102.

# 215943 v2

The Complaint fails to allege sufficient facts necessary to state a cause of action under either section of RICO. Therefore, this Court should dismiss both RICO claims with prejudice.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. "..[D]ismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001). A complaint must contain facts sufficient to state a claim as a matter of law and **must not be merely conclusory in its allegations**." *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998)(emphasis added); *see also Pryor-Kendrick v. Deen*, 2007 WL 1976000, *2 (E.D.Ark. July 2, 2007)(complaint must not be merely conclusory in its allegations).

### II.   § 1962(c) RICO CLAIM

RICO creates a civil cause of action for "any person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). A violation of § 1962(c) requires the plaintiffs to show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Nitro Dist., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009). Plaintiffs' Complaint fails to allege facts sufficient to support the conclusory allegations contained in the § 1962(c) RICO claim. *See Pennino v. Selig*, 258 F. Supp. 2d 914 (W.D. Ark. 2003) (granting defendant's motion to dismiss RICO claim).

2

A.     Conduct Element

The conduct requirement extends liability only to those individuals who "participate in the operation or management of the enterprise itself." *Pennino*, 258 F. Supp. 2d at 923 (*quoting Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir.1997)).  The Complaint makes conclusory statements that the Defendants and Andrew Hague and the U.S. Consular officers in the Philippines conducted or participated in the enterprise through a pattern of numerous acts of racketeering activity.  See Complaint, ¶¶ 80 and 81.  Setting aside the specific racketeering activities (discussed below), the Complaint is devoid of any factual allegations demonstrating how each of the Defendants and Andrew Hague and the U.S. Consular officers in the Philippines participated in the operation or management of the alleged enterprise.  Plaintiffs also fail to allege how any of the Defendants or Andrew Hague or the U.S. Consular officers in the Philippines worked together to operate or manage the alleged RICO enterprise.  As a result, the Complaint fails to support the conduct element of a § 1962(c) RICO claim.

B.     Enterprise Element

To qualify as a RICO enterprise, the association-in-fact must exhibit three basic characteristics: (1) a common or shared purpose; (2) some continuity of structure and personnel and (3) an ascertainable structure distinct from that in a pattern of racketeering.  *Pennino*, 258 F. Supp. 2d at 924 (*citing United States v. Darden*, 70 F.3d 1507, 1520 (8th Cir.1996)).  The Plaintiffs once again make conclusory statements which merely parrot the required elements for a RICO enterprise.  See Complaint, ¶¶ 75-79.  The Complaint fails to allege any facts showing how each of the Defendants, Andrew Hague and the U.S. Consular officers in the Philippines are associated with the enterprise.

3

Further, the Complaint fails to support the conclusion that each of the Defendants, Andrew Hague and the U.S. Consular officers in the Philippines shared the common purpose of "convinc[ing] such workers to pay high fees and to travel to the United States to work for companies including Star One and Star One International." See Complaint, ¶ 78. Finally, Plaintiffs do not, and cannot, allege that there is any structure between the Defendants, Andrew Hague and the U.S. Consular officers in the Philippines distinct from the alleged pattern of racketeering activities. *See Schuster v. Anderson*, 378 F. Supp.2d 1070, 1098-99 (N.D. Iowa 2005)(granting defendants' motion to dismiss RICO claims); *Clark v. Robert W. Baird Co., Inc.*, 142 F. Supp. 2d 1065, 1073 (N.D. Ill. 2001)(granting defendants' motion to dismiss RICO claim). As such, Plaintiffs have failed to demonstrate the enterprise element of a § 1962(c) RICO claim.

C.   Pattern of Racketeering Activity

The last two elements can be combined to require allegations demonstrating the defendants have engaged in at least two acts of racketeering activity. *Pennino*, 258 F. Supp. 2d at 924 (*citing United States v. Bennett*, 44 F.3d 1364, 1372 (8th Cir.1995). Plaintiffs allege that the Defendants, Andrew Hague and the U.S. Consular officers in the Philippines engaged in racketeering activities involving fraud. See Complaint, ¶¶ 81-84, 95-97, 98-100.

In RICO cases based on fraud, including mail and wire fraud, a complaint must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *Murr Plumbing, Inc. v. Scherer Brothers Fin. Servs.*, 48 F.3d 1066, 1069 (8th Cir. 1995). Therefore, a claim of fraud must specify the content, date and place of any alleged misrepresentation and the identity of the persons making them. *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 323 (E.D.N.Y. 2004).

4

Not one of the allegations within the Complaint meets the specificity requirements of Rule 9(b). Plaintiffs fail to identify the persons submitting, mailing or transmitting any of the alleged fraudulent documents. See Complaint, ¶¶ 83, 96 and 99. Especially in a case involving multiple defendants, the Plaintiffs must specify which one of the Defendants or Andrew Hague or the U.S. Consular officers in the Philippines were responsible for specific statements or actions. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)(affirming dismissal of RICO claim).

In addition, Plaintiffs fail to specify the dates upon which the alleged documents or communications were filed, mailed or transmitted. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm.*, 366 F. Supp. 2d 792, 804 (W.D. Wis. 2005)(granting defendants' motion to dismiss RICO claims). Finally, Plaintiffs fail to provide adequate information about the content of the mailings or transmissions to demonstrate fraudulent activity or to support how the visa applications were fraudulent. See Complaint, ¶¶ 83, 95 and 98. In summary, Plaintiffs' conclusory and baseless allegations do nothing to educate the Court as to persons allegedly perpetuating the fraudulent acts, the timing of the alleged acts or any particulars related to the alleged acts. Therefore, Plaintiffs fail to satisfy the last two elements of a § 1962(c) RICO claim.

Consequently, the Complaint fails to allege facts demonstrating the conduct, enterprise, pattern and/or racketeering activity elements necessary to state a claim against the Defendants. As such, Plaintiffs have failed to state a § 1962(c) RICO claim and this Court should grant Defendants' Motion to Dismiss with prejudice.

### III.   § 1962(d) RICO CLAIM

Any claim under § 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient. *Lum v.*

5

*Bank of America*, 361 F.3d 217, 227 (3d Cir. 2004)(affirming dismissal of RICO claims). Therefore, this Court should dismiss Plaintiffs' § 1962(d) RICO claim when it dismisses Plaintiffs' § 1962(c) RICO claim.

Regardless of this presumptive dismissal, Plaintiffs fail to state a claim for a § 1962(d) RICO claim. In order to state a claim under § 1962(d), the plaintiffs must allege that the parties objectively manifested an agreement to participate in the affairs of the enterprise. *U.S. v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995). Plaintiffs fail to satisfy this element because the Complaint does not provide allegations supporting an agreement between any of the Defendants, Andrew Hague or the U.S. Consular officers in the Philippines, nor does any such agreement exist.

Although an express agreement need not be shown, the alleged facts must establish a tacit understanding between the parties. *Pennino*, 258 F. Supp. 2d at 925. Other than conclusory statements within the Complaint, the Plaintiffs fail to allege any express or tacit understanding between any of the Defendants, Andrew Hague or the U.S. Consular officers in the Philippines. Specifically, Plaintiffs neither allege any facts indicating how or when an act of agreement was made between Defendants, Andrew Hague and the U.S. Consular officers in the Philippines, nor allege any facts indicating what roles each party would play, what acts each party agreed to commit or the precise goal of the conspiracy. Simply put, these facts do not exist.

Consequently, the Complaint fails to allege facts demonstrating an agreement between any of the Defendants, Andrew Hague and the U.S. Consular officers in the Philippines. As such, Plaintiffs have failed to state a § 1962(d) RICO claim and this Court should grant Defendants' Motion to Dismiss with prejudice.

WHEREFORE, the Defendants respectfully request an Order of this Court dismissing the Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1962(c) and 18 USC § 1962(d), with prejudice, and for such other and further relief as this Court deems just and proper under the circumstances.

Date: February 19, 2010              Respectfully Submitted,

By: __/s/Vince Chadick_____
WOODY BASSETT (AB# 77006)
VINCE CHADICK (AB# 94075)
JAMES GRAVES (AB# 95172)
BASSETT LAW FIRM
P.O. Box 3618
Fayetteville, AR 72702
479-521-9996 (phone)
479-521-9600 (facsimile)

By: _____/s/_____
Marlene Quintana
Admission Pro Hac Vice Forthcoming
Florida Bar No.: 88358
GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Telephone:    (305) 416-6880
Facsimile:    (305) 416-6887

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 19th day of February, 2010, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Arkansas, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record, and hereby certify that I have mailed the document by United States Postal Service to all non CM/ECF participants as follows:

  John T. Holleman, Esq.
  HOLLEMAN & ASSOCIATES, P.A.
  200 W. Capitol Avenue, Suite 1620
  Little Rock, AZ 72201
  Jhollerman@johnhollerman.net

  Josh Sanford, Esq.
  SANFORD LAW FIRM, PLLC
  One Financial Center
  650 South Shackleford Road, Suite 400
  Little Rock, AR 72211
  Josh@sanfordlawfirm.com

              /s/Vince Chadick
              Vince Chadick

# 215943 v2