IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MORENA ROCO, ERICZON MACARAYAN, FRANCISCO ABSIN, LEONOR ACSINA, and ROGELIO RINGOR, EACH INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>STAR ONE STAFFING INTERNATIONAL, INC., STAR ONE STAFFING , INC.,  MARY JANE HAGUE, JOHN C. CARRUTHERS, and RUTH CARRUTHERS.<br><br>Defendants. | CASE NO. 4:10-CV-30 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT

Defendants, Star One Staffing International, Inc., Star One Staffing, Inc., Mary Jane Hague, John C. Carruthers, and Ruth Carruthers, (hereinafter referred to as "Defendants"), by and through their undersigned attorneys, hereby file their Answer and Affirmative Defenses to all claims in Plaintiffs' Complaint except for claims under the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1962(c) and 18 USC § 1962(d).  Concurrent with the filing of this Answer and Affirmative Defenses, Defendants are also filing a Motion to Dismiss Plaintiffs' Claims Under the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1962(c) and 18 USC § 1962(d).  In the event the Court denies Defendants' Motion to Dismiss, Defendants request ten (10) days from the date of that Order to amend this Answer and Affirmative Defenses to address such claims.

Defendants deny each and every allegation of the Plaintiffs' Complaint not expressly or otherwise admitted below.  Defendants also specifically reserve the right to assert any additional

affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

Defendants' responses to the corresponding headings and each of the specifically numbered paragraphs of the Complaint are as follows:

## JURISDICTIONAL STATEMENT

1. In response to the allegations contained in paragraph numbered 1 of the Complaint, Defendants are without knowledge and therefore deny that Morena Roco is a resident and citizen of Pulaski County, Arkansas. Defendants admit that Morena Roco was employed by Star One Staffing International, Inc. ("Star One International") and that she was classified as an hourly employee and non-exempt from the requirements of the Fair Labor Standards Act ("FLSA"). Defendants deny all other allegations, inferences and legal conclusions.

2. In response to the allegations contained in paragraph numbered 2 of the Complaint, Defendants are without knowledge and therefore deny that Ericzon Macarayan is a resident and citizen of Pulaski County, Arkansas. Defendants admit that Ericzon Macarayan was employed by Star One International and that he was classified as an hourly employee and non-exempt from the requirements of the FLSA. Defendants deny all other allegations, inferences and legal conclusions.

3. In response to the allegations contained in paragraph numbered 3 of the Complaint, Defendants are without knowledge and therefore deny that Francisco Absin is a resident and citizen of Pulaski County, Arkansas. Defendants admit that Francisco Absin was employed by Star One International and that he was classified as an hourly employee and non-exempt from the requirements of the FLSA. Defendants deny all other allegations, inferences and legal conclusions.

4. In response to the allegations contained in paragraph numbered 4 of the Complaint, Defendants are without knowledge and therefore deny that Leonor Lacsina is a resident and citizen of Pulaski County, Arkansas. Defendants admit that Leonor Lacsina was employed by Star One International and that she was classified as an hourly employee and non-exempt from the requirements of the FLSA. Defendants deny all other allegations, inferences and legal conclusions.

5. In response to the allegations contained in paragraph numbered 5 of the Complaint, Defendants are without knowledge and therefore deny that Rogelio Ringor is a resident and citizen of Pulaski County, Arkansas. Defendants admit that Rogelio Ringor was employed by Star One International and that he was classified as an hourly employee and non-exempt from the requirements of the FLSA. Defendants deny all other allegations, inferences and legal conclusions.

6. In response to the allegations contained in paragraph numbered 6, including subparts 6.1 through 6.6, of the Complaint, Star One International admits, for jurisdictional purposes only, that the Court has jurisdiction over it. Defendants deny all other allegations, inferences and legal conclusions.

7. In response to the allegations contained in paragraph numbered 7 of the Complaint, Star One Staffing, Inc. ("Star One") admits that it is a Florida corporation with its principal place of business located in Miami, Florida. Star One admits that Mary Jane Hague is the president and registered agent. Defendants deny all other allegations, inferences and legal conclusions.

8. In response to the allegations contained in paragraph numbered 8 of the Complaint, Mary Jane Hague admits that she resides in Miami, Florida and that she is the

president, treasurer and a director of Star One and the president and a director of Star One International. Ms. Hague admits, for jurisdictional purposes only, that the Court has jurisdiction over her.

9. In response to the allegations contained in paragraph numbered 9 of the Complaint, John C. Carruthers admits that he resides in Miami, Florida and that he is an officer of Star One and the secretary, treasurer and a director and owner of Star One International. Mr. Carruthers admits, for jurisdictional purposes only, that the Court has jurisdiction over him.

10. In response to the allegations contained in paragraph numbered 10 of the Complaint, Ruth Carruthers admits that she resides in Miami, Florida and that she is the vice president, secretary and a director and owner of Star One. Ms. Carruthers denies all other allegations, inferences and legal conclusions.

11. In response to the allegations contained in paragraph numbered 11 of the Complaint, Defendants are without knowledge as to whom Plaintiffs are referring to and therefore deny all allegations, inferences and legal conclusions. Defendants further state that no such similarly situated individuals exist.

12. In response to the allegations contained in paragraph numbered 12 of the Complaint, Defendants admit that Plaintiffs seek declaratory judgment and compensatory damages under the applicable statutes, but deny that Plaintiffs or any alleged similarly situated persons are entitled to any relief sought in the Complaint.

13. In response to the allegations contained in paragraph numbered 13 of the Complaint, Defendants admit that Plaintiffs were covered under the FLSA.

14. In response to the allegations contained in paragraph numbered 14 of the Complaint Defendants admit that Plaintiffs seek to represent certain Filipino H2-B guest

workers, but deny that Plaintiffs or any alleged similarly situated persons are entitled to any relief sought in the Complaint.

15. In response to the allegations contained in paragraph numbered 15 of the Complaint Defendants admit, for jurisdictional purposes only, admit that this Court has jurisdiction over claims in the Complaint and that venue is proper.

**FACTUAL ALLEGATIONS**

16. In response to the allegations contained in paragraph numbered 16 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

17. In response to the allegations contained in paragraph numbered 17 of the Complaint, Defendants admit the allegations.

18. In response to the allegations contained in paragraph numbered 18 of the Complaint, Defendants are without knowledge and therefore deny all allegations, inferences and legal conclusions. Defendants specifically deny that Plaintiff Roco paid them any placement or legal fees.

19. In response to the allegations contained in paragraph numbered 19 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

20. In response to the allegations contained in paragraph numbered 20 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

21. In response to the allegations contained in paragraph numbered 21 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

22. In response to the allegations contained in paragraph numbered 22 of the Complaint, Defendants admit that the duties listed were part of Plaintiffs' jobs, but Defendants deny that the list of duties is exhaustive.

23. In response to the allegations contained in paragraph numbered 23 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

24. In response to the allegations contained in paragraph numbered 24 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

25. In response to the allegations contained in paragraph numbered 25 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

26. In response to the allegations contained in paragraph numbered 26 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

27. In response to the allegations contained in paragraph numbered 27 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

28. In response to the allegations contained in paragraph numbered 28 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

29. In response to the allegations contained in paragraph numbered 29 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

30. In response to the allegations contained in paragraph numbered 30 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

31. In response to the allegations contained in paragraph numbered 31 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

32. In response to the allegations contained in paragraph numbered 32 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

33. In response to the allegations contained in paragraph numbered 33 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

34. In response to the allegations contained in paragraph numbered 34 of the Complaint, Defendants admit that they were subject to applicable federal and/or state laws regarding wages, but deny all other allegations, inferences and legal conclusions.

35. In response to the allegations contained in paragraph numbered 35 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

36. In response to the allegations contained in paragraph numbered 36 of the Complaint Defendants admit that Plaintiffs seek to represent certain Filipino H2-B guest workers, but deny that Plaintiffs or any alleged similarly situated persons are entitled to any relief sought in the Complaint.

## NEW YORK INVESTIGATION

37. In response to the allegations contained in paragraph numbered 37 of the Complaint, Defendants believe that the Petition attached as Exhibit B to the Complaint speaks for itself and, therefore, no response is required by Defendants. To the extent a response is required, the allegations in paragraph number 37 are denied.

38. In response to the allegations contained in paragraph numbered 38 of the Complaint, Defendants believe that the Petition attached as Exhibit B to the Complaint speaks for itself and, therefore, no response is required by Defendants. To the extent a response is required, the allegations in paragraph number 38 are denied.

39. In response to the allegations contained in paragraph numbered 39 of the Complaint, Defendants believe that the Petition attached as Exhibit B to the Complaint speaks for itself and, therefore, no response is required by Defendants. To the extent a response is required, the allegations in paragraph number 39 are denied.

40. In response to the allegations contained in paragraph numbered 40 of the Complaint, Defendants believe that the Petition attached as Exhibit B to the Complaint speaks for itself and, therefore, no response is required by Defendants. To the extent a response is required, the allegations in paragraph number 40 are denied.

41. In response to the allegations contained in paragraph numbered 41 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

## CLASS AND COLLECTIVE ACTIONS ALLEGATIONS

42. In response to the allegations contained in paragraph numbered 42 of the Complaint, Defendants admit that Plaintiffs and any alleged similarly situated persons are seeking damages based on breach of contract, fraud and promissory estoppel. Defendants deny that Plaintiffs or any alleged similarly situated persons are entitled to the damages that they are seeking.

43. In response to the allegations contained in paragraph numbered 43 of the Complaint, Defendants admit that claims for damages are brought as a collective action under the FLSA, 29 USC § 216(b). Defendants deny that that the Plaintiffs or any alleged similarly situated persons are entitled to the damages that they are seeking.

44. In response to the allegations contained in paragraph numbered 44 of the Complaint, Defendants admit that Star One International employed Plaintiffs for the purposes of the FLSA, 29 USC § 203. Defendants deny all other allegations, inferences and legal conclusions.

8

**FLSA COLLECTIVE ACTION ALLEGATIONS**

45. In response to the allegations contained in paragraph numbered 45 of the Complaint, Defendants incorporate and restate their responses to each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46. In response to the allegations contained in paragraph numbered 46 of the Complaint, Defendants admit that claims for damages are brought as a collective action under the FLSA, 29 USC § 216(b). Defendants deny that that the Plaintiffs or any alleged similarly situated persons are entitled to the damages that they are seeking.

47. In response to the allegations contained in paragraph numbered 47 of the Complaint, Defendants admit that the Plaintiffs seek to represent certain Filipino H-2B guest workers. Defendants deny that that the Plaintiffs or any alleged similarly situated persons are entitled to the damages that they are seeking.

48. In response to the allegations contained in paragraph numbered 48, including subparts a through e, of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

49. In response to the allegations contained in paragraph numbered 49 of the Complaint, Defendants incorporate and restate their responses to each and every allegation contained in the preceding paragraphs as if fully set forth herein.

50. In response to the allegations contained in paragraph numbered 50 of the Complaint, Defendants admit that Plaintiffs assert claims under the FLSA, 29 U.S.C. §§ 201 *et seq.*, but deny that Plaintiffs or any alleged similarly situated persons are entitled to any relief sought in the Complaint.

51. In response to the allegations contained in paragraph numbered 51 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

52. In response to the allegations contained in paragraph numbered 52 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

53. In response to the allegations contained in paragraph numbered 53 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

54. In response to the allegations contained in paragraph numbered 54 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

55. In response to the allegations contained in paragraph numbered 55 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

56. In response to the allegations contained in paragraph numbered 56 of the Complaint, Defendants admit that Star One International employed Plaintiffs for the purposes of the FLSA, 29 USC § 203. Defendants deny all other allegations, inferences and legal conclusions.

57. In response to the allegations contained in paragraph numbered 57 of the Complaint, Defendants are without knowledge and therefore deny all allegations, inferences and legal conclusions.

58. In response to the allegations contained in paragraph numbered 58 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

### **FEDERAL RULE OF CIVIL PROCEDURE 23 CLASS ALLEGATIONS**

59. In response to the allegations contained in paragraph numbered 59 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

60. In response to the allegations contained in paragraph numbered 60 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

61. In response to the allegations contained in paragraph numbered 61 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

62. In response to the allegations contained in paragraph numbered 62 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

63. In response to the allegations contained in paragraph numbered 63 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

64. In response to the allegations contained in paragraph numbered 64 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

65. In response to the allegations contained in paragraph numbered 65 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

66. In response to the allegations contained in paragraph numbered 66 of the Complaint, Defendants are without knowledge and therefore deny all allegations, inferences and legal conclusions.

67. In response to the allegations contained in paragraph numbered 67 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

68. In response to the allegations contained in paragraph numbered 68 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

69. In response to the allegations contained in paragraph numbered 69 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

70. In response to the allegations contained in paragraph numbered 70 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

# 214881 v2

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
## 18 USC § 1962(c) AND 18 USC § 1962(d)

71.     The allegations contained in paragraphs numbered 71-102 of the Complaint are the subject of Defendants' Motion to Dismiss Plaintiffs' Claims Under the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1962(c) and 18 USC § 1962(d), for failure to state a cause of action.  Accordingly, in light of the pending Motion, Defendants have no obligation to respond to the allegations in paragraphs numbered 71-102 at this time.  To the extent a response is required at this time, the allegations in paragraphs 71-102 are denied.

## FRAUD AND NEGLIGENT MISREPRESENTATION

103.    In response to the allegations contained in paragraph numbered 103 of the Complaint, Defendants incorporate and restate their responses to each and every allegation contained in the preceding paragraphs as if fully set forth herein.

104.    In response to the allegations contained in paragraph numbered 104 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

105.    In response to the allegations contained in paragraph numbered 105 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

106.    In response to the allegations contained in paragraph numbered 106 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

107.    In response to the allegations contained in paragraph numbered 107 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

108.    In response to the allegations contained in paragraph numbered 108 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

109.    In response to the allegations contained in paragraph numbered 109 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

110. In response to the allegations contained in paragraph numbered 110 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

111. In response to the allegations contained in paragraph numbered 111 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

112. In response to the allegations contained in paragraph numbered 112 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

113. In response to the allegations contained in paragraph numbered 113 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

114. In response to the allegations contained in paragraph numbered 114 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

## **BREACH OF CONTRACT**

115. In response to the allegations contained in paragraph numbered 115 of the Complaint, Defendants incorporate and restate their responses to each and every allegation contained in the preceding paragraphs as if fully set forth herein.

116. In response to the allegations contained in paragraph numbered 116 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

117. In response to the allegations contained in paragraph numbered 117 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

118. In response to the allegations contained in paragraph numbered 118 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

119. In response to the allegations contained in paragraph numbered 119 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

120. In response to the allegations contained in paragraph numbered 120 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

121. In response to the allegations contained in paragraph numbered 121 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

122. In response to the allegations contained in paragraph numbered 122 of the Complaint, Defendants deny all allegations, inferences and legal conclusions.

## **PRAYER FOR RELIEF**

123. In response to the allegations contained in paragraph numbered 123 of the Complaint, Defendants deny that Plaintiffs or any others similarly situated persons are entitled to any of the relief requested therein, or any relief whatsoever in this action.

124. In response to the allegations contained in paragraph numbered 124 of the Complaint, Defendants deny that Plaintiffs are entitled to any of the relief requested, or any relief whatsoever.

125. In response to the allegations contained in paragraph numbered 125 of the Complaint, Defendants deny that Plaintiffs are entitled to any of the relief requested, or any relief whatsoever.

126. In response to the allegations contained in paragraph numbered 126 of the Complaint, Defendants deny that Plaintiffs or any others similarly situated persons are entitled to any of the damages requested, or any relief whatsoever.

127. In response to the allegations contained in paragraph numbered 127 of the Complaint, Defendants deny that Plaintiffs or any others similarly situated persons are entitled to the requested award of attorneys' fee and costs.

128. In response to the allegations contained in paragraph numbered 128 of the Complaint, Defendants admit that Plaintiffs demand a trial by jury on all issues so triable, but deny that any such issues exist in this action.

129. In response to the unnumbered WHEREFORE clause following paragraph numbered 128 of the Complaint, Defendants deny that Plaintiffs or any others similarly situated persons are entitled to any of the relief requested therein, or any relief whatsoever in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants properly paid Plaintiffs, as well as any alleged similarly situated employee, for all wages owed; therefore, neither Plaintiffs, nor any alleged similarly situated persons, are entitled to the back pay or the unpaid wages claimed in this action.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset from the Plaintiffs for the Defendants' payment or overpayment of wages or any other monies that the Plaintiffs may have received for their services to Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants assert that any claim for compensation by Plaintiffs must be offset by any premium compensation, overpayments, bonuses of any type, compensatory time off, or other job related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiffs for periods not compensable under the FLSA.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims for liquidated damages are barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants assert that Plaintiffs' claims for a collective action are overly broad and unduly vague, and that Plaintiffs does not adequately represent the similarly situated persons alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants assert that some or all of Plaintiffs' claims are barred by estoppel, waiver, and laches, and are otherwise without merit.

**NINTH AFFIRMATIVE DEFENSE**

Every portion of the Plaintiffs' claims arising more than two years prior to the date upon which the Complaint was filed is barred by the limitations period set forth in Section 6 of the Portal-to-Portal Act, 29 U.S.C.§ 255.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, due to the inapplicability of the Fair Labor Standards Act, 29 U.S.C. §216(b).  Defendants are not employers within the meaning of the statute.

## **ELEVENTH AFFIRMATIVE DEFENSE**

Defendants assert that Plaintiffs' claims are barred by payment in that Plaintiffs have received all compensation they are entitled to under the FLSA.

Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered the Complaint herein, having raised affirmative defenses thereto, Defendants request that the Complaint be summarily dismissed.

Date: February 19, 2010            Respectfully Submitted,

By: __/s/Vince Chadick_____
WOODY BASSETT (AB# 77006)
VINCE CHADICK (AB# 94075)
JAMES GRAVES (AB# 95172)
BASSETT LAW FIRM
P.O. Box 3618
Fayetteville, AR 72702
479-521-9996 (phone)
479-521-9600 (facsimile)

By: _____/s/_____
Marlene Quintana
Admission Pro Hac Vice Forthcoming
Florida Bar No.: 88358
GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone:   (305) 416-6880
Facsimile:   (305) 416-6887

Attorneys for Defendants

# 214881 v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of February, 2010, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Arkansas, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record, and hereby certify that I have mailed the document by United States Postal Service to all non CM/ECF participants as follows:

John T. Holleman, Esq.
HOLLEMAN & ASSOCIATES, P.A.
200 W. Capitol Avenue, Suite 1620
Little Rock, AZ 72201
Jhollerman@johnhollerman.net

Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 400
Little Rock, AR 72211
Josh@sanfordlawfirm.com

/s/Vince Chadick
Vince Chadick

# 214881 v2