IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MORENA ROCO, ERICZON MACARAYAN, FRANCISCO ABSIN, LEONOR ACSINA, and ROGELIO RINGOR, EACH INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>STAR ONE STAFFING INTERNATIONAL, INC., STAR ONE STAFFING , INC.,  MARY JANE HAGUE, JOHN C. CARRUTHERS, and RUTH CARRUTHERS.<br><br>Defendants. | CASE NO. 4:10-CV-30 |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS UNDER RICO**

Defendants respectfully submit this Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Claims under RICO.

**STANDARD OF REVIEW**

Plaintiffs state that the standard of review in the Eighth Circuit on a motion to dismiss is that relief can only be granted if it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim.  *Breedlove v. Earthgrains Bakery*, 140 F.3d 797, 799 (8th Cir. 1998)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In *Crumpley-Patterson v. Trinity Lutheran Hosp.*, the Eighth Circuit used the same standard of review, and cited the same U.S. Supreme Court decision, in affirming the lower court's order granting defendant's motion to dismiss.  388 F.3d 588, 590 (8th Cir. 2004).  The Eighth Circuit found that plaintiff's failure to include any allegations or references by which one could begin to draw inferences that

defendant's conduct violated the law rendered the complaint deficient. *Id.* at 591. In the same way, Plaintiffs' Complaint fails to include <u>any</u> alleged facts which support the necessary elements for claims under the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1962(c) and 18 USC § 1962(d). Based on the Eighth Circuit's standard of review as detailed in *Crumpley-Patterson*, Plaintiffs' claims under RICO should be dismissed because Plaintiffs fail to allege any facts supporting the necessary elements.

### **CLAIM FOR VIOLATION UNDER 18 USC § 1962(c)**

Plaintiffs continue to demonstrate their failure to allege <u>any</u> facts in responding to Defendants' Motion to Dismiss. For instance, Plaintiffs' entire argument section for claims under 18 USC § 1962(c) describes the relevant case law without every applying the case law to any alleged facts in this case. See Response to Defendants' Motion to Dismiss Plaintiffs' Claims, pgs. 3-13. This omission is self-evident of Plaintiffs' inability to allege facts necessary to survive a motion to dismiss. Not only does Plaintiffs' Complaint fail to satisfy the particularity requirements of Rule 9(b) pertaining to the RICO claims, but the Complaint even fails to satisfy the general requirements under Rule 8. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007)(to survive a motion to dismiss, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…"; factual allegations must rise above the speculation level).

Furthermore, Plaintiffs' case law in arguing the relaxation of the Rule 9(b) requirements is distinguishable from the case at hand. Plaintiffs use the Seventh Circuit case, *Corley v. Rosewood Care Center, Inc. of Peoria*, to argue that the specificity requirements of Rule 9(b) should be relaxed in mail fraud cases. 142 F.3d 1041 (7th Cir. 1998). In *Corley*, the plaintiff was able to make detailed allegations regarding his own experiences, but was unable to provide

detailed allegations regarding other people being victimized by the alleged unlawful acts. *Id.* at 1050-51.  In contrast, Plaintiffs fail to make any allegations about how they were victimized by Defendants' alleged unlawful acts without even considering any other similarly situated persons. Furthermore, Plaintiffs neglect to explain why district courts in both the Seventh and Eighth Circuits have not followed *Corley's* relaxation of Rule 9(b) requirements for RICO claims. *See Schuster v. Anderson*, 378 F. Supp.2d 1070, 1098-99 (N.D. Iowa 2005)(granting defendants' motion to dismiss RICO claims); *Pennino v. Selig*, 258 F. Supp. 2d 914 (W.D. Ark. 2003) (granting defendant's motion to dismiss RICO claim); *Clark v. Robert W. Baird Co., Inc.*, 142 F. Supp. 2d 1065, 1073 (N.D. Ill. 2001)(granting defendants' motion to dismiss RICO claim).

Finally, Plaintiffs take the liberty of also using conclusory statements in discussing allegedly favorable case law within the Eighth Circuit.  First, the Plaintiffs state:

> "Consonant with the view of the Seventh Circuit, the Eighth Circuit, citing Arkansas case law and the United States Supreme Court, has consistently held, on numerous occasions, that Rule 9(b) should not effectively bar certain types of claims, such as civil RICO claims, where Plaintiffs lack access to all of the facts necessary to detail the claim, and that the flexibility provided by Rule 11(b)(3) allows pleadings based on evidence reasonably anticipated after further investigation or discovery."

See Response to Defendants' Motion to Dismiss Plaintiffs' Claims, pgs. 11-12.  Yet, Plaintiffs provide no Eighth Circuit case law supporting this statement.  Second, Plaintiffs state:

> "Arkansas Courts have particularly recognized a need for leniency and an exception to Rule 9(b) in cases where a Plaintiff may not be able to plead the precise role of each Defendant when a group of Defendants has acted in concert to cause the complained of injury."

See Response to Defendants' Motion to Dismiss Plaintiffs' Claims, pg. 12.  Again, Plaintiffs provide no legal citation to support this statement.

3

## CLAIM FOR VIOLATION UNDER 18 USC § 1962(d)

As described above and in Defendants' Motion to Dismiss Plaintiffs' Claims Under RICO, the Complaint failed to satisfy the necessary elements for a claim under 18 USC § 1962(c). Consequently, any claim under § 1962(d) based on conspiracy to violate the other subsections of section 1962 must also fail if the substantive claims are themselves deficient. *Lum v. Bank of America*, 361 F.3d 217, 227 (3d Cir. 2004)(affirming dismissal of RICO claims). In addition, Plaintiffs fail to allege any type of relationship between the Defendants and Andrew Hague or the U.S. Consular officers in the Philippines. To illustrate, in the Complaint, Plaintiffs allege that "…Defendants have an ongoing business relationship…" without any reference to Andrew Hague or the U.S. Consular officers in the Philippines. See Complaint, ¶ 76. In the response to the Motion to Dismiss, Plaintiffs allege they "have provided extensive facts and details with regard to the ongoing business relationship between all of the named Defendants, Andrew Hague and the United States Consular officers in the Phillippines [sic]." See Response to Defendants' Motion to Dismiss Plaintiffs' Claims, pg. 19. However, Plaintiffs fail to provide any citation or reference to the Complaint in support of this statement.

Therefore, Defendants respectfully request an Order of this Court dismissing the Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1962(c) and 18 USC § 1962(d), with prejudice.

Date: March 10, 2010 

Respectfully Submitted,

By: __/s/Vince Chadick_____
WOODY BASSETT (AB# 77006)
VINCE CHADICK (AB# 94075)
JAMES GRAVES (AB# 95172)
BASSETT LAW FIRM
P.O. Box 3618
Fayetteville, AR 72702
479-521-9996 (phone)
479-521-9600 (facsimile)

By: _____/s/_____
Marlene Quintana
Admission Pro Hac Vice Forthcoming
Florida Bar No.: 88358
GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone:   (305) 416-6880
Facsimile:    (305) 416-6887

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 10<u>th</u> day of March, 2010, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Arkansas, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record, and hereby certify that I have mailed the document by United States Postal Service to all non CM/ECF participants as follows:

John T. Holleman, Esq.
HOLLEMAN & ASSOCIATES, P.A.
200 W. Capitol Avenue, Suite 1620
Little Rock, AZ 72201
Jhollerman@johnhollerman.net

Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 400
Little Rock, AR 72211
Josh@sanfordlawfirm.com

/s/Vince Chadick
Vince Chadick

# 223751 v1